**ENGLISH v WARD, Treas et**

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 23, 1932

Matz & Matz, Woodsfield, for plaintiff in error.

John K. Sawyers, Jr., Prosecuting Attorney, Woodsfield, and W. B. Moore, Lisbon, for defendants in error.

ROBERTS, J.

The prayer of the petition is for the foreclosure of said land for the payment of said unpaid taxes. It thus appears that the plaintiff's cause of action is the foreclosure of the land alleged to be subject to the taxes as now provided for by law.

To this petition the defendant, Clark E. English, filed an answer and subsequently an amended answer to which a demurrer was filed by the plaintiff and sustained by the trial court.

The cause then proceeded to a hearing on pleadings in evidence as shown by the docket and journal entries resulting in a finding in favor of the plaintiff with an order of foreclosure.

It is claimed that reversible error occurred in the sustaining of the demurrer to the amended answer of the defendant and this is the issue which is now presented to this court.

It may now be stated that the demurrer was directed to the second defense of the amended answer which undertook to allege that the taxes sought to be collected were the result of taxes levied to pay bonds issued for the construction of a school house, it being claimed by the defendant that said issue, when voted upon by the electors, failed to secure a majority of the votes cast upon that issue and that the election was void and of no effect and that the taxes attempted to be collected thereby were illegal and not a lawful claim against the answering defendant, he having, as alleged by him, duly tendered payment of all other taxes assessed against him which payments were refused.

It is alleged in the second defense of the answer that defendant further avers that of the amount with which he stands charged on said duplicate for taxes on real estate portions thereof are improper and illegal, to-wit: "All that part charged against this defendant and assessed against his real estate as taxes to retire certain bonds executed by the Board of Education of Washington Township, Monroe County, and now outstanding for the construction of a township high school building."

This answering defendant further avers that the local Board of Education of Washington Township, in the year 1924, submitted to the duly qualified electors of said school district at the November election of said year the proposition to issue bonds of said school district for the purpose of erecting a high school therein and the levying of taxes against all the taxable property in said school district to pay the interest and retire said bonds.

Defendant further avers that said proposition was submitted to the qualified electors of said school district at the November election, 1924, but the proposition to levy a tax and issue bonds in said sum of $30,-000.00 did not receive a majority vote in favor thereof by the electors of said district voting at said election.

It is further alleged that, after said election was held, said board proceeded to issue bonds for said school district in the sum of $30,000.00, this defendant is informed, and believed for the purpose of erecting said school building and to raise the money to pay the interest on said bonds and retire the same from time to time as they became due.

The issue presented by the demurrer is that the second defense of the plaintiff's answer does not state a defense. It will be remembered in this connection that the demurrer admits all of the allegations of the pleadings to which it is directed which are well pleaded.

Sec 5120, GC, at the time of this attempted election read as follows:

"Canvass of vote in school elections. **In** school elections, the returns shall be made by the judges and clerks of each precinct to the clerk of the board of education of the district, not less than five days after the election. Such board shall canvass such returns at a meeting to be held on the second Monday after the election, and the result thereof shall be entered upon the records of the board."

The allegations of the second defense go no farther than to say that said proposition to levy a tax and issue bonds in said sum of $30,000.00 did not receive a majority vote in favor thereof by the electors of said district voting at said election. There is no

allegation in this defense nor elsewhere in any of the pleadings of this case that the returns were made by the judges and clerks of the board of education of the district within the specified time, neither is there any allegation that the board of elections canvassed the returns at a meeting held on the second Monday after the election nor at any other time. Neither is it alleged that the results of the election were entered upon the records of the board or that there was ever certified in any manner or other proceedings or action taken to establish the regularity and sufficiency of the election, so far as the form thereof was concerned, indicative of a compliance with the law to make such proceedings regular and sufficient to accomplish the intended purpose of a bond issue. So far as indicated by the allegations of the second defense, there is simply the declaration that the proposition to issue bonds did not receive a majority vote and nothing to indicate that the vote was ever counted, canvassed, recorded, certified or anything else done with it.

Such being the fact, the allegations of the answer assumed as against the demurrer to be true indicate that the board went no farther than to call and have an election and did nothing more, in which case there would not be a legal election and the allegations of the second defense of the amended answer, therefore, constitute in form a legal defense and the demurrer should have been overruled and the trial court, therefore, was in error in sustaining the demurrer and upon this ground the judgment of the Court of Common Pleas is reversed.

It may be suggested, however, that if the allegations of this second defense had been more extensive and had included a statement to the effect that the board of education canvassed the votes, declared and recorded the result with proper certification looking toward the bond issue with the result that an issue be made in effect of a contested election, then the proposition might properly arise and be considered as to whether or not the Court of Common Pleas or this court is authorized in this manner to hear and determine an issue contesting the legality of an election and determining whether or not such contest is attempted to be made in manner provided by law.

It may be now further suggested that the determination now made of the issue as presented by the demurrer to the second defense of the amended answer consider-ing the extent and nature of the allegations so that second defense is no indication of any expression of opinion by this court recognizing the authority of the court to thus entertain a contested election case or as to what the opinion of this court would be if there were pleadings before it indicating such procedure by the board of elections as showed an attempted compliance with the law as hereinbefore stated.

For the reasons hereinbefore given, this case, as now presented, is reversed and remanded.

FARR and POLLOCK, JJ, concur in the judgment.